UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, individually and as Next Friend for minors, et. al.<br><br>Plaintiffs,<br>v<br><br>GOVERNOR GRETCHEN WHITMER, Individually and in her official capacity; STATE OF MICHIGAN – ENVIRONMENT, GREAT LAKES & ENERGY; et. al.<br><br>Defendants. | Case No.:  1:21-cv-960<br><br>Hon. Janet T. Neff<br><br>**ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| ALICE B. JENNINGS (P29064)<br>CARL R. EDWARDS (P24952)<br>EDWARDS & JENNINGS, P.C.<br>Attorneys for Plaintiffs<br>3031 West Grand Boulevard, Suite 435<br>Detroit, MI 48202<br>(313) 961-5000<br>ajennings@edwardsjennings.com<br>cedwards@edwardsjennings.com<br><br>KEVIN S. HANNON<br>JESSICA MEEDER<br>Attorneys for Plaintiffs<br>MORGAN & MORGAN/COMPLEX LITIGATION<br>1752 North Downing Street<br>Denver, Colorado 80218<br>(303) 861-8800, Ext. 323<br>khannon@forthepeople.com<br>jmeeder@forthepeople.com | GREGORY I. THOMAS (P32488)<br>MICHELLE A. THOMAS (P35135)<br>DICKIE, MCCAMEY & CHILCOTE, PC<br>Attorneys for F&V Operations and Resource Management, Inc.<br>89 Kercheval Avenue, Suite 200<br>Grosse Pointe Farms, MI 48236<br>(313) 308-2030 / (888) 811-7144 - fax<br>gthomas@dmclaw.com<br>mathomas@dmclaw.com |

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO *FED. R. CIV. PRO. 12(b)(1)* AND *(6)* ON BEHALF OF THE DEFENDANT F&V OPERATIONS AND RESOURCE MANAGEMENT, INC.**

NOW COMES the Defendant, F&V Operations and Resource Management, Inc. ("F&V"), and pursuant to *Fed. R. Civ. Pro. 12(b)(1)* and *(6)* and *Local Rule 7.2,* move to dismiss Plaintiffs' First Amended Complaint and state as follows:

1

1. On November 10, 2021, Plaintiffs filed a Complaint against numerous governmental entities, agencies, and officials, as well as the private governmental contractors Elhorn Engineering Company and F&V, seeking monetary damages and other relief allegedly caused by the contamination of the drinking water provided to Benton Harbor residents (Complaint, ECF No. 1, PgID 1 to 63).

2. The theories of liability asserted against F&V in the original Complaint include claims under:

   - federal law, specifically, pursuant to *42 U.S.C. §1983* for violation of the federal Safe Drinking Water Statute, related regulations, and the *Due Process Clause* of the *14th Amendment* to the *U.S. Constitution*; and,

   - Michigan law, specifically, violation of the State's Safe Drinking Water Act and tort theories of unjust enrichment, battery, negligence, trespass, and private nuisance.

(*Id.,* PgID 36 to 59).

3. The remedies sought by Plaintiffs in the original Complaint: economic and non-economic damages for personal and property injuries; punitive damages and actual costs and attorney fees as permitted for prevailing *§1983* parties; and equitable relief in the form of judicially mandated corrective action (*Id.* ¶¶93, 99, 129, 130, 142, 145, 152, 157, 159, 165, Relief Requested Clause, PgID, 38-40, 50, 54-55, 57-60).

4. Before F&V was served with the original Complaint, Plaintiffs filed a First Amended Complaint (First Amended Complaint, ECF No. 7, PgID 99-250).

5. In the First Amended Complaint, Plaintiffs continue to maintain that the Court has subject matter jurisdiction over the government Defendants, pursuant to *42 U.S.C. §1331,* to resolve federal law claims, pursuant to *42 U.S.C. §1983,* arising out of allegedly arbitrary and capricious actions and omissions which shock the conscience and which violate substantive

        due process and for which Plaintiffs seek compensatory damages, punitive damages, actual costs and attorney fees, and equitable relief (*Id.,* ¶¶1-23, 26, 62-88, 92-166, PgID 101-109, 118-166).

6. Yet, in the First Amended Complaint, Plaintiffs have <u>abandoned all federal claims</u> against <u>private</u> Defendant F&V and, instead, in Count IV, assert a single state law claim of "Professional Negligence" which alleges that F&V owed and breached duties of care arising out of Plaintiffs' status as third-party beneficiaries to a professional services contract entered into between F&V and the City of Benton Harbor in 2020 (*Id.,* ¶¶2, 188-196, PgID 102, 172-176).

7. Plaintiffs do <u>not</u> allege that they are expressly and directly named as intended beneficiaries in the F&V professional services contract and, as such, fail to plead an element required under controlling Michigan law.

8. Recognizing that the Court no longer has federal question subject matter jurisdiction over F&V, Plaintiffs invite the Court to exercise <u>supplemental jurisdiction</u> over the professional malpractice claims asserted against this <u>private</u> Defendant (*Id.,* ¶27, PgID 109).

9. Plaintiffs' <u>state claims and federal claims are asserted against entirely different parties</u>; to wit: only state tort claims are asserted against the private engineering defendants, including F&V, while only federal claims, filed pursuant to *42 U.S.C. §1983* are lodged against the governmental defendants.

10. The state and federal claims are based upon <u>different legal theories</u> and allow for <u>different damages</u>.

11. Michigan has stronger interests in adjudicating the law peculiar to liability of professionals licensed to practice in Michigan and in the execution and enforcement of professional service

    contracts, and, Michigan Court are better positioned to apply the most skilled reading of state law.

12. The interests of judicial economy at this exceptionally embryonic stage of litigation do not militate in favor of retaining jurisdiction over the purely state law claims remaining against F&V.

13. Plaintiffs' counsel has been advised of the intention of F&V to file a Motion to Dismiss and did not concur in the relief requested.

 Therefore, Defendant F&V Operations and Resource Management, Inc. respectfully requests the Court to <u>decline</u> to exercise supplemental jurisdiction and to issue an Order dismissing the professional negligence claims in Count IV of the First Amended Complaint, <u>without prejudice</u>, pursuant to *Fed. R. Civ. Pro. 12(b)(1)*.

 Alternatively, F&V Operations and Resource Management, Inc., respectfully requests the Court to enter an Order dismissing the professional negligence claims, <u>with prejudice</u>, pursuant to *Fed. R. Civ. Pro. 12(b)(6)* because Plaintiffs have failed to state claims upon which relief may be granted under controlling Michigan law.

        Respectfully submitted,

        DICKIE, McCAMEY & CHILCOTE, P.C.

        By: */s/ Michelle A. Thomas*
        Michelle A. Thomas (P35135)
        Attorneys for Defendant F&V Operations
        and Resource Management, Inc.
        89 Kercheval Avenue, Suite 200
        Grosse Pointe Farms, MI 48236
        (313) 308-2041
        mathomas@dmclaw.com

Dated:  February 18, 2022

## CERTIFICATE OF SERVICE

  I hereby certify that on February 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notice of such filing to the following: Plaintiffs' Counsel and I hereby certify that I have mailed by US Mail the document to the following non-ECF participants: None.

               */s/ Lesli A. Dunham*
               Lesli A. Dunham, Legal Assistant
               F&V Operations and Resource Management, Inc.,
               Attorney's Office, Dickie, McCamey & Chilcote