UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BENTON HARBOR, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00960-HYJ-PJG<br><br><br><br>Hon. Hala Y. Jarbou<br><br>Hon. Phillip J. Green |

### ***BRAZIEL* PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 1

ARGUMENT ...................................................................................................... 2

I.      Defendants' Notice of Nonparty at Fault Must be Rejected. ............................ 2

      A.      The Michigan Tort Reform Act does not apply to this federal case with
only federal claims. ...................................................................................... 2

      B.      Application of the Michigan Tort Reform Act would conflict with federal
law in violation of the Supremacy Clause. .......................................... 4

      C.      Even if the Michigan Tort Reform Act applies, the constitutional claims in
this case are not subject to the Act. ....................................................... 5

CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cipollone v. Liggett Grp., Inc.*,
    505 U.S. 504 (1992)....................................................................................................4

*City of Canton, Ohio v. Harris*,
    489 U.S. 378 (1989)....................................................................................................6

*Design Basics, LLC v. Chelsea Lumber Co.*,
    2013 WL 3471142 (E.D. Mich. July 10, 2013) ..............................................4, 5, 7

*Erie R.R. Co. v. Tompkins*,
    304 U.S. 64 (1938)....................................................................................................3, 5

*Est. of Jackson v. Schaub*,
    2012 WL 1622658 (E.D. Mich. May 9, 2012)...........................................................3

*In re Flint Water Cases*,
    2024 WL 166104 (E.D. Mich. Jan. 16, 2024)............................................................3

*Greenwich Ins. Co. v. Hogan*,
    351 F. Supp. 2d 736 (W.D. Mich. 2004) ...................................................................3

*Harris v. Yum! Brands, Inc.*,
    2019 WL 2433454 (E.D. Mich. June 11, 2019)..........................................................6

*Kaiser v. Allen*,
    480 Mich. 31 (2008) ...................................................................................................2

*Martinez v. State of Cal.*,
    444 U.S. 277 (1980)....................................................................................................4

*McHugh v. Olympia Ent., Inc.*,
    37 F. App'x 730 (6th Cir. 2002) ................................................................................4

*Nichols v. Knox Cnty., Tennessee*,
    718 F. App'x 338 (6th Cir. 2017) ..............................................................................4

*Sola Elec. Co. v. Jefferson Elec. Co.*,
    317 U.S. 173 (1942)....................................................................................................3

*Weeks v. Chaboudy*,
    984 F.2d 185 (6th Cir. 1993) .....................................................................................4

**Statutes**

MCL 600.2956..................................................................................................................2

**Court Rules**

MCR 2.112(K) ..................................................................................................................2

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

**Regulations**

Fed. R. Civ. P. 7(a) ....................................................................................................................7

**INTRODUCTION**

On January 29, 2024, Defendants the City of Benton Harbor, Marcus Muhammed, and Michael O'Malley ("Defendants") filed a Notice of Nonparty at Fault. ECF No. 199. A Notice of Nonparty at Fault is a state law procedural mechanism which implements certain provisions of the Michigan Tort Reform Act. However, pursuant to the Court's order adopting in part the report and recommendation on Defendants' motion to dismiss (ECF No. 180), the only claims that remain in this federal case are federal claims under 42 U.S.C. § 1983. Defendants' Notice of Nonparty at Fault is therefore wholly inapplicable to this case. Application of the Michigan Tort Reform Act would substantively conflict with federal law governing apportionment of liability for § 1983 claims. And, even under the text of the Michigan Tort Reform Act itself, the Act's provisions and procedures do not apply to the constitutional claims in this case. Plaintiffs therefore request that the Court strike the Notice of Nonparty at Fault.

**BACKGROUND**

On September 28, 2023, the Court issued an order (ECF No. 180, "Order") adopting in part and rejecting in part the report and recommendation (ECF No. 173) on Defendants' motions to dismiss (ECF Nos. 139, 141, 145, 147, and 150). As a result of the Order, the remaining claims in this case are: (1) the substantive due process claim for bodily integrity under 42 U.S.C. § 1983 against individual Defendants Muhammed and O'Malley; and (2) the *Monell* § 1983 claim against Defendant the City of Benton Harbor. ECF No. 180 at PageID.4682. The Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id.*

On October 23, 2024, Defendants filed a notice of appeal. ECF No. 184. The following day, they filed a motion to stay discovery pending their appeal (ECF No. 185), which Plaintiffs opposed (ECF No. 195). On November 2, 2023, Defendants answered Plaintiffs' Second Amended Complaint. ECF No. 194 ("Answer"). In their Answer, Defendants' pled

- 1 -

apportionment of liability as an affirmative defense. *Id.* at PageID.4930 ("Any damages suffered by Plaintiffs resulted from their own actions, inactions, and/or omissions, or the actions, inactions, and/or omissions of a third party acting independently from the City Defendants."). On November 15, 2024, the Court granted Defendants' motion to stay discovery and ordered that discovery in this matter is stayed until Defendants' appeal is resolved. ECF No. 198.

On January 29, 2024, Defendants filed a Notice of Nonparty at Fault "pursuant to Mich. Ct. R. 2.112(K)(3)," naming five "nonparties[who] may be wholly or partially at fault for Plaintiffs' claims." ECF No. 199 at PageID.4954.

## ARGUMENT

### I.    Defendants' Notice of Nonparty at Fault Must be Rejected.

The Court should strike the Notice of Nonparty at Fault for the following reasons. *First*, the Michigan Tort Reform Act does not apply to this federal case which contains only federal claims. *Second*, application of the Michigan Tort Reform Act would substantively conflict with federal common law which provides for joint and several liability for § 1983 defendants. *Third*, even if the Michigan Tort Reform Act applies here (it does not), by its own terms the constitutional claims in this case are not within its scope.

#### A.    The Michigan Tort Reform Act does not apply to this federal case with only federal claims.

By filing their Notice of Nonparty at Fault, Defendants inappropriately seek to shoehorn state tort reform into this purely federal action. A Notice of Nonparty at Fault is a state law procedural device created to implement certain provisions of the Michigan Tort Reform Act. Passed in 1995, the Michigan Tort Reform Act is, among other things, designed to allocate fault and responsibility for damages among multiple tortfeasors. *See Kaiser v. Allen*, 480 Mich. 31, 33–37 (2008). One of the features of the Act is to make liability several only and not joint for the

claims to which it applies. *See* MCL 600.2956. The filing of a Notice of Nonparty at Fault sets the stage for the trier of fact to allocate a percentage of fault to a nonparty, thereby limiting the amount the plaintiff may recover from the parties. *See* MCR 2.112(K). MCR 2.112(K)(1) states that a Notice of Nonparty at Fault is applicable "to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304, as amended by 1995 PA 249, apply." Likewise, MCL 600.2957 and 600.6304 apply only to "action[s] based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death[.]"

The Michigan Tort Reform Act is irrelevant to this case. The instant action is in federal court and involves only federal claims. True, the Michigan Tort Reform Act may apply to a state law claim being heard in federal court under diversity or supplemental jurisdiction pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004); *see also In re Flint Water Cases*, 2024 WL 166104 (E.D. Mich. Jan. 16, 2024) (declining to strike Notice of Nonparty at Fault where only state law professional negligence claims were at issue). However, since the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, only federal claims remain in this Court. Thus, the Court should strike Defendants' Notice of Non-Party at Fault because it has no bearing on the claims or defenses in this action.

Michigan's federal courts have recognized that the Michigan Tort Reform Act does not apply to § 1983 claims. *See, e.g.*, *Est. of Jackson v. Schaub*, 2012 WL 1622658, at *6 (E.D. Mich. May 9, 2012) ("[Defendant], however, offers no caselaw to suggest that a 1983 gross negligence claim requires compliance with state tort reform requirements."). The Michigan Legislature simply is not capable of legislating the procedure for bringing a § 1983 claim or the

liability apportionment rules applicable to a § 1983 claim. *See Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 176 (1942) ("It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules.").

For this straightforward reason, the Act does not apply here and Defendants' Notice of Nonparty at Fault should be stricken.

**B.    Application of the Michigan Tort Reform Act would conflict with federal law in violation of the Supremacy Clause.**

Not only is the Michigan Tort Reform Act inapplicable to the *federal* claims in this *federal* case, but the application of the Act would substantively conflict with federal law, in violation of the Supremacy Clause. "[I]t has been settled that state law that conflicts with federal law is without effect." *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) (internal quotations omitted). With regard to § 1983, the Sixth Circuit has held that "[t]he protection afforded under § 1983 was not intended to differ from state to state, and federal, not state, common law governs the determination of damages in a § 1983 action." *McHugh v. Olympia Ent., Inc.*, 37 F. App'x 730, 736 (6th Cir. 2002), *amended on denial of reh'g*, 41 F. App'x 758 (6th Cir. 2002); *see also Martinez v. State of Cal.*, 444 U.S. 277, 284 n.8 (1980) ("Conduct [. . .] which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.").

Under federal common law, liability under § 1983 is joint and several and not several only. *See, e.g.*, *Weeks v. Chaboudy*, 984 F.2d 185, 189 (6th Cir. 1993) (reversing the district court's application of several only apportionment of liability and holding that joint and several liability applies in a § 1983 case); *Nichols v. Knox Cnty., Tennessee*, 718 F. App'x 338, 342 (6th

Cir. 2017) (noting that "§ 1983 defendants may be jointly liable" for an indivisible injury). The application of joint and several liability, and not several only, is a substantive part of the guarantee of constitutional protection provided by § 1983.

In *Design Basics, LLC v. Chelsea Lumber Co.*, 2013 WL 3471142 (E.D. Mich. July 10, 2013), the court rejected the same tactic that Defendants attempt here. There, plaintiff brought a copyright infringement case under the federal Copyright Act. *Id.* at *1. When defendants filed a notice of nonparty at fault, the district court granted plaintiff's motion to strike (construing the motion to strike as a motion *in limine*), finding that defendants were improperly attempting to raise a state law defense that was not available to them. *Id.* at *4. The court held that "Defendants' notice of non-party fault [was] preempted by the federal Copyright Act" which provides "the ability to impose joint and several liability on copyright infringers." *Id.* at *3–4. This same reasoning applies here, where Plaintiffs' claims are brought under § 1983.

As in *Design Basics*, Defendants' Notice of Nonparty at Fault, and its implication that only several liability may apply,[1] conflicts with federal law in violation of the Supremacy Clause. For this reason, too, the Notice should be stricken.

### C.    Even if the Michigan Tort Reform Act applies, the constitutional claims in this case are not subject to the Act.

Finally, application of the Michigan Tort Reform Act to the § 1983 claims in this case would be contrary to the text of the Act itself. To be clear, Plaintiffs primary contention is that

---

[1] Defendants do not expressly state what purpose is served by their Notice of Nonparty at Fault. Defendants only explain that their Notice is "pursuant to Mich. Ct. R. 2.112(K)(3)." That rule states that it "applies to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304, as amended by 1995 PA 249, apply." To the extent Defendants argue by implication that MCL 600.2957 and MCL 600.6304 apply to Plaintiffs' § 1983 claims, this motion demonstrates that those sections are inapplicable.

the precise statutory bounds of MCL 600.2957 and 600.6304 are ultimately irrelevant because these statutes are inapplicable to Plaintiffs' federal claims under the *Erie* Doctrine and would conflict with federal law in violation of the Supremacy Clause. However, should the Court conclude that the Michigan Tort Reform Act is operative in this case, the Court should nonetheless grant Plaintiffs' motion because Plaintiffs' § 1983 claims do not fall within the statutory scope of the Act.

As explained above, MCR 2.112(K) and MCL 600.2957 and 600.6304 apply to actions "based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death[.]" None of these provisions state that it applies to a constitutional injury under § 1983. Although Plaintiffs' constitutional injuries here potentially result in damages for personal bodily injuries, the claims pled are constitutional injuries, which are legally distinct injury from "personal inju[ies]" as used in the Michigan Tort Reform Act. *See Harris v. Yum! Brands, Inc.*, 2019 WL 2433454, at *2 (E.D. Mich. June 11, 2019) (stating that § 1983 actions, including § 1983 actions for use of excessive force, "are not personal injury actions involving a notice of non-party fault under Mich. Comp. Laws § 600.2957"). Plaintiffs have not located any authority applying the Michigan Tort Reform Act to a § 1983 claim.

The plain language of the Michigan Tort Reform Act lends itself to the commonsense interpretation that constitutional injuries are not included within the scope of the Act. The wrongs associated with "personal injury, property damage, or wrongful death" are the infliction of classic tort injuries which may occur by mere negligence. By contrast, the nature of the wrongful conduct in a § 1983 claim is that the wrongdoer acted under color of law to deprive the plaintiff of constitutionally guaranteed rights. In other words, the wrongdoer manipulated governmental authority to act in a way contrary to the constitution. Mere negligence is generally

- 6 -

not sufficient to support a § 1983 claim. *See, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989) (stating that § 1983 liability for city's failure to train only occurs when failure rises to level of deliberate indifference, rejecting negligence standard).

Claims under § 1983 are thus both broader and narrower than the claims that fall under the Michigan Tort Reform Act. Section 1983 is broad enough to include, for example, deprivations of First Amendment free speech rights under the color of law. It would be illogical to assert that the Michigan Tort Reform Act applies to a § 1983 claim for a First Amendment violation, and it is likewise illogical to assert that the Act applies here. Section 1983 is narrower in the sense that it applies only to conduct by government actors and to conduct that rises above the level of negligence. Should the Court conclude that the Michigan Tort Reform Act is operative in this case, Plaintiffs' § 1983 claims nonetheless do not fall within the scope of the Act.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion to strike Defendants' Notice of Nonparty at Fault should be granted.

Respectfully submitted,

Dated: February 13, 2024

*/s/ Mark P. Chalos*
Mark P. Chalos
Wesley Dozier
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2379
Telephone: 615.313.9000
mchalos@lchb.com
wdozier@lchb.com

Annika K. Martin
Wilson M. Dunlavey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

- 7 -

250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592
akmartin@lchb.com
wdunlavey@lchb.com

Amelia A. Haselkorn
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
ahaselkorn@lchb.com

Stuart C. Talley
**KERSHAW TALLEY & BARLOW P.C.**
401 Watt Ave.
Sacramento, CA 95864
Telephone: (916) 779-7000
stuart@ktblegal.com

Alice B. Jennings (P29064)
Carl R. Edwards (P24952)
**EDWARDS & JENNINGS, P.C.**
3031 West Grand Blvd., Suite 435
Detroit, MI 48202
Telephone: 313.915.3475
Facsimile: 313.961.5000
ajennings@edwardsjennings.com
cedwards@edwardsjennings.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that this motion to strike is in compliance with LR 7.3(b). Microsoft Word's word count function reports a total word count of 2,211, as defined by LR 7.3(b)(i).

I further certify that Plaintiffs have complied with the meet and confer requirement for nondispositive motions set forth in LR 7.1(d)(ii). On February 7, Plaintiffs sent a meet and confer letter to Defendants' counsel, Thomas J. Rheaume, Jr., describing the reasons Plaintiffs' believe the Notice of Nonparty at Fault is inapplicable to this case and asking that Defendants withdraw their Notice. Defendants' counsel never responded.

*/s/ Stuart C. Talley*
Stuart C. Talley
**KERSHAW TALLEY & BARLOW P.C.**
401 Watt Ave.
Sacramento, CA 95864
Telephone: (916) 779-7000
stuart@ktblegal.com

2942160.1