UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BENTON HARBOR, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00960-HYJ-PJG<br><br>Hon. Hala Y. Jarbou<br>Hon. Phillip J. Green<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFFS**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

Defendant, Michael O'Malley, moves pursuant to Fed. R. Civ. P. 26, 30, and 37 for an order compelling Plaintiffs Ieasha Jones, Keesha Jones, Stacey Branscumb, Michael Brigham, Emma Kinnard, and Daretha Braziel to submit to depositions. Defendant relies on the attached brief in support of this motion.

Pursuant to Local Rule 7.1(a), counsel for Mr. O'Malley advised Plaintiffs' counsel of the basis for this motion in advance of filing by (1) sending an email dated January 24, 2025, explaining the relief sought (see **Exhibit 1**); (2) an attempted telephonic conference and voice message dated January 30, 2025; and (3) a follow-up email dated January 30, 2025 (see **Exhibit 2)**. The parties were unable to reach agreement.

Respectfully submitted,

BODMAN PLC

By: <u>*/s/ Walter G. Pelton*</u>
 Thomas J. Rheaume, Jr. (P74422)
 Alexandra C. Markel (P81705)
 Walter G. Pelton (P84442)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
amarkel@bodmanlaw.com
wpelton@bodmanlaw.com
*Attorneys for Defendant Michael O'Malley*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BENTON HARBOR, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00960-HYJ-PJG<br><br>Hon. Hala Y. Jarbou<br>Hon. Phillip J. Green<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR TO COMPEL DEPOSITIONS**

As the Court reminded the parties in November, this case is over three years old, and "[u]nlike wine, cases do not get better with time." ECF No. 207. At the subsequent scheduling conference, the Court directed the parties to begin discovery on facts related to qualified immunity. On January 17, 2025, Defendant served subpoenas and notices of deposition on the six named Plaintiffs who are of an age of majority. *See* ECF No. 220; **Exhibit 3**. In response, Plaintiffs' counsel sent a letter stating that not one of the six Plaintiffs is available for the entire month of February. **Exhibit 4.** The letter does not say when Plaintiffs might be available, nor provide any explanation for their lack of availability; when pressed, Plaintiffs' counsel did not clarify. **Exhibit 1**. Although Defendant is willing to work with Plaintiffs on location and scheduling, Plaintiffs' objection letter is simply dilatory.

Plaintiffs' knowledge, particularly related to how, when, and by whom they were informed of the lead exceedances, as well as any interactions they have had with Mr. O'Malley, is directly relevant to the issue of qualified immunity. Defense counsel has followed up with Plaintiffs'

counsel to explain this and to express a willingness to make reasonable accommodations. But Plaintiffs continue to refuse to provide dates of availability. Defense counsel has both called and emailed plaintiffs' counsel, and while plaintiffs' counsel finally responded on the afternoon of January 30 that he should be able to get back to Defendant the next morning, at the time of this filing (late Friday afternoon) he has not. Accordingly, Defendant moves for an order to compel Plaintiffs to submit for depositions.

## ARGUMENT

### I.  Defendant is entitled to depose each Plaintiff.

Defendant is plainly entitled to depose Plaintiffs under the Federal Rules of Civil Procedure. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). If a party fails to comply with its discovery obligations, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37.

The lone claim left in this case is Plaintiffs' allegation that Mr. O'Malley violated their constitutional right to bodily integrity based on his response to the detection of lead exceedances in the Benton Harbor water. Mr. O'Malley has asserted a qualified immunity defense, which he is entitled to unless Plaintiffs can show a violation of a clearly established right and that Mr. O'Malley's conduct was constitutionally repugnant, or conscience shocking. *See Guertin v. Michigan,* 912 F.3d 907, 921 (6th Cir. 2019). The Court has ordered expedited discovery on issues

related to qualified immunity, and Mr. O'Malley is therefore entitled to explore those issues.[1] At the heart of Plaintiffs' case is their allegations that Mr. O'Malley made "deliberately misleading" statements upon which Plaintiffs relied. *See Braziel v. Whitmer*, No. 23-1954, 2024 U.S. App. LEXIS 22044, at *25 (6th Cir. Aug. 28, 2024). It is necessary for Mr. O'Malley's defense that he be allowed to question Plaintiffs about these allegations. Facts about how, when, and by whom Plaintiffs were informed of the lead exceedances are highly relevant to the issue of qualified immunity. Accordingly, Mr. O'Malley is entitled to take the deposition of each Plaintiff.

## CONCLUSION

For these reasons, Defendant respectfully asks this Court to grant his motion to compel and order that the depositions of Plaintiffs be had within the time for expedited qualified immunity discovery.

Respectfully submitted,

BODMAN PLC

By: */s/ Walter G. Pelton*
  Thomas J. Rheaume, Jr. (P74422)
  Alexandra C. Markel (P81705)
  Walter G. Pelton (P84442)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
amarkel@bodmanlaw.com
wpelton@bodmanlaw.com

Dated: January 31, 2025          *Attorneys for Defendant Michael O'Malley*

---

[1] In order to further reduce the burden on Plaintiffs, counsel for Mr. O'Malley offered either to have each plaintiff sit once for deposition on all topics, or else to take a shortened deposition only on questions related to qualified immunity, leaving the deposition open for subsequent question on remaining issues of fact such as damages. **Exhibit 5**. Plaintiffs' counsel did not provide an opinion as to their preference.