UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BENTON HARBOR, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00960-HYJ-PJG<br><br>Hon. Hala Y. Jarbou<br>Hon. Phillip J. Green |

## JOINT MOTION TO TEMPORARILY ADJOURN SCHEDULING ORDER

The parties, by their undersigned counsel, hereby respectfully move this Honorable Court to temporarily adjourn the deadlines in the scheduling order in the above-captioned litigation and set a status conference for June 3, 2025, to discuss the implications of a recent order remanding portions of *Mitchell v. City of Benton Harbor et al*, 6th Cir. Case No. 23-1970, ECF No. 57, and a pending for declaratory relief in Berrien County Circuit Court. In support of this motion, the parties state as follows:

1. This putative class action lawsuit arises from alleged misconduct, including conduct related to elevated levels of lead in the City of Benton Harbor water system at various times from 2018 to 2021.

2. Two other federal court litigations, and one state court action, have been filed arising out of a common set of facts: *Mitchell, et al. v. Whitmer, et al.,* Case No. 1:22-cv-0475-HYJ, *Grant, et al. v. EPA, et al.,* Case No. 1:22-cv-0186-HYJ, and *Braziel, et al. v. City of Benton Harbor, et al.*, Berrien County Circuit Court, Case No. 23-000249. Following orders on motions

1

to dismiss, appeals were filed in the Sixth Circuit as to the present Action and the *Mitchell* case; the *Grant* case was not appealed following dismissal.

    3.    On November 14, 2024, following a remand from the Sixth Circuit in the present Action, this Court entered its Case Management Order ("CMO"). (ECF No. 210). The CMO set the following dates and deadlines:

| | |
|---|---|
| Trial   Date:<br>Time:<br>Before:<br><br>**Counsel and the parties shall be present in the courtroom at 8:30 a.m. to address preliminary matters** | FEBRUARY 23, 2026<br>9:00 AM<br>**Chief Judge Hala Y. Jarbou**<br>Lansing, MI |
| Jury or Non-Jury | Jury |
| Estimated Length of Trial | 5 days |
| Rule 26(a)(1) Disclosures (including lay witnesses)<br>    Plaintiffs:<br>    Defendants: | <br>NOVEMBER 19, 2024<br>NOVEMBER 19, 2024 |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 26(a)(2)(A))    Plaintiffs:<br>    Defendants: | APRIL 18, 2025<br>APRIL 18, 2025 |
| Disclosure of Expert Reports (Rule 26(a)(2)(B))  Plaintiffs:<br>    Defendants:<br>    Rebuttal Reports: | MAY 16, 2025<br>MAY 16, 2025<br>JUNE 16, 2025 |
| Completion of Fact Discovery | JUNE 30, 2025 |
| Expert Deposition Deadline | JULY 30, 2025 |
| Dispositive Motions | AUGUST 15, 2025 |
| Motions for Class Certification Deadline | AUGUST 15, 2025 |
| Interrogatories will be limited to:<br>(Single Part Questions) | 25 single part questions |

2

| | |
|---|---|
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | 25 per side |
| Requests for Admission will be limited to:<br>(Per Side) | 25 per side |
| Requests for Production of Documents will be limited to:<br>(Per Side) | N/A |
| Motions in Limine | 21 days prior to the Final Pretrial Conference |
| Settlement Conference | None at this time |
| Final Pretrial Conference          Date:<br>                                               Time:<br>**Note Preparation Details within this Order**   Before: | JANUARY 29, 2026<br>10:00 AM<br>Chief Judge Hala Y. Jarbou |
| ADR To Take Place On Or Before: | DECEMBER 30, 2024 |

*Id.*

4. In accordance with the CMO, the parties have exchanged Rule 26(A)(1) disclosures, engaged in fact discovery (including written discovery, document production, third-party discovery, and several witness depositions), and disclosed names and short summaries of expected testimony from experts. The next upcoming deadline is May 16, 2025, for disclosing full expert reports, in connection with which deadline the parties will expend significant resources.

5. Both the parties and third parties have engaged in good faith in discovery efforts, including: 22 subpoenas issued, 4 depositions taken (with several others noticed), and 17,556 documents produced (totaling 87,930 pages).

6. On May 6, 2025, the Sixth Circuit entered an order in the *Mitchell* case, reversing in part this Court and remanding for further proceedings. 6th Cir. Case No. 23-1970, ECF No. 57.

7. Further, the City of Benton Harbor is filing a complaint for declaratory judgment against its insurer, Traveler's Insurance, to determine whether it and the City employees named as defendants in this and the related actions are entitled to any insurance coverage for the claims at issue.

8. In the interest of judicial economy and avoiding undue expense to the parties, the parties stipulate and agree that this Court should temporarily adjourn deadlines in this matter pending an upcoming status conference in the *Mitchell* case, scheduled for June 3, 2025. Case No. 1:22-cv-0475, ECF No. 138.

9. The parties further request that this Court expand the June 3, 2025, status conference to include the present action, to allow discussion of potential economies that can be developed in light of the progress made in discovery in the present action, including potentially entering a unified schedule for the pending cases.

10. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

11. District courts are not bound by a "mechanical and narrow" test in assessing a motion to stay or to adjourn dates. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Instead, "courts examine the totality of the circumstances, including the stage of the litigation, whether a stay would simplify the issues, and whether a stay would unduly prejudice the non-moving party." *Attractive Surgical, LLC v. Cleveland Clinic Found.*, No. 1:19-cv-1212, 2019 U.S. Dist. LEXIS 234565 (N.D. Ohio Oct. 31, 2019). Stays "are often issued while the resolution of a related action in another court is pending." *Doe v. Varsity Brands, LLC*, No. 2:22-cv-02657, 2023 U.S. Dist. LEXIS 72036 (W.D. Tenn. Apr. 25, 2023).

12. In this case, the parties stipulate and agree that temporarily adjourning pending deadlines is appropriate here. At this point, the parties have exchanged Rule 26(A)(1) disclosures, engaged in fact discovery (including written discovery, document production, and witness depositions), and disclosed expert names and summaries of expected expert testimony in accordance with the CMO (ECF No. 210). Both parties agree that the proposed temporary adjournment is appropriate here. And the proposed stay serves the public interest by conserving judicial time and resources.

WHEREFORE, the parties respectfully request that this Honorable Court grant their Joint Motion to Temporarily Adjourn the Scheduling Order and enter an Order temporarily adjourning the CMO dates.

Respectfully submitted,

Dated: May 9, 2025

BODMAN PLC

/s/ *Alexandra C. Markel*
Alexandra C. Markel (P81705)
Thomas J. Rheaume, Jr. (P74422)
Walter G. Pelton (P84422)
J. Grant Semonin (P86855)
Bodman PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
(313) 259-7777
trheaume@bodmanlaw.com
amarkel@bodmanlaw.com
*Attorneys for Defendant Michael O'Malley*

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

Dated: May 9, 2025

/s/ *Wilson M. Dunlavey*
Wilson M. Dunlavey, Esq.
Mark P. Chalos, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor

>
> New York, NY 10013
> (212) 355-9500
> mchalos@lchb.com
> wdunlavey@lchb.com
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, the foregoing *Joint Motion to Temporarily Adjourn Scheduling Order* was filed with the Clerk of the Court via the Court's e-filing system which will give notice of such filing to all counsel of record.

> BODMAN PLC
>
> /s/ *Alexandra C. Markel*
> Alexandra C. Markel (P81705)
> amarkel@bodmanlaw.com
> *Attorneys for Defendant Michael O'Malley*

4918-2894-7260_5