# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARETHA BRAZIEL, et al.,

    Plaintiffs,

v.

CITY OF BENTON HARBOR, et al.

    Defendants.

_____/

Case No. 1:21-cv-960

Hon. Hala Y. Jarbou

IESHA MITCHELL, et al.,

    Plaintiffs,

v.

CITY OF BENTON HARBOR, et al.,

    Defendants.

_____/

Case No. 1:22-cv-475

Hon. Hala Y. Jarbou

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

WHEREAS, named plaintiffs Daretha Braziel, individually and as next friend for minor D.R.; Ro'Nesha Braziel; Deanna Braziel; Keesha Jones, individually and as next friend for minors K.B., D.J., T.C., T.M.C; Kendasha Bates; Stacey Branscumb; and Emma Kinnard ("Class Representatives") and Defendants Michael O'Malley, the City of Benton Harbor, Ellis Mitchell, and Marcus Muhammad ("Defendants")[1] have reached a proposed settlement of the Class claims,

---

[1] Defendants the City of Benton Harbor, Ellis Mitchell, and Marcus Muhammad have all previously been dismissed from this litigation. Nonetheless, the Court understands that, in the interest of finality, the proposed settlement is intended to bind all Defendants in addition to the proposed Class.

which is embodied in the Covenant Not To Execute, and Assignment of Rights and Claims Agreement ("Agreement") (ECF No. 321-1) filed with the Court;

WHEREAS, the Class Representatives have applied to the Court for preliminary approval of the proposed settlement of the above-captioned Action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(B), the terms and conditions of which are set forth in the Agreement;

WHEREAS, Settlement Class means "all individuals who have resided in Benton Harbor for a period of two weeks or more from August 2018 through November 2021, excluding the Individual *Mitchell* Plaintiffs."[2]

NOW, THEREFORE, the Court having read and considered the Agreement and accompanying exhibits and the Motion for Preliminary Approval (ECF No. 319), having held a hearing on the record with all parties present on January 20, 2026, and no opposition to the entry of this Order Granting Preliminary Approval of Proposed Settlement ("Order") having been received

IT IS HEREBY ORDERED THAT:

1. The capitalized terms used in this Order have the same meaning as defined in the Agreement.

2. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives preliminary approval to the Agreement as fair. Under Rule 23(e), the Court must not only find that it will likely be able to certify the class, but also that it will likely be able to approve the proposal as fair, reasonable, and adequate, as is required by Rule 23(e)(2) for final approval. Fed. R. Civ. P. 23(e)(1)(B)(i).

---

[2] The "Individual *Mitchell* Plaintiffs" are identified on the *Mitchell* docket, *Mitchell et al v. Benton Harbor, City of et al.*, No. 1:22-cv-00475-HYJ-PJG (W.D. Mich.), ECF No. 154, which was filed under seal to protect minor plaintiffs' privacy.

3. The Court will likely be able to certify the Class under Fed. R. Civ. P. 23(a) and (b)(1)(b). The Court finds the Settlement Class meets the requirements of numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). The Class is sufficiently numerous, encompassing thousands of people. There are questions of law and fact common to the class, including whether Defendants' conduct was conscience-shocking, whether Defendants provided sufficient public education notice, and whether Defendants violated their obligations under federal and state Safe Drinking Water Acts. Typicality is satisfied, because the Class Representatives claims are typical as they arise from the same course of conduct that gives rise to other class members' claims. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Adequacy is also satisfied, because the Class Representatives seek to hold Defendants liable for their conduct and are represented by qualified and experienced class counsel. Finally, there are no intra-class conflicts because all Class Members are aligned in benefitting equally from getting the opportunity to pursue insurance money, as opposed to litigating against Defendants who are unable to satisfy individual judgments, and all are aligned in wanting to pursue the maximum amount of damages possible from Defendants' insurers.

4. The Court finds the Settlement Class satisfies Fed. R. Civ. P. 23(b)(1)(B). In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 838 (1999), the Supreme Court of the United States set forth a "set of conditions to justify binding absent members of a class under Rule 23(b)(1)(B)" in the context of limited fund class actions." Those conditions include: 1) "the totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all the claims," 2) "the whole of the inadequate fund was to be devoted to the overwhelming claims," and 3) "the claimants identified by a common

theory of recovery were treated equitably among themselves." *Id*. The Court finds that those conditions are likely to be satisfied here.

5. As to the first condition, the Supreme Court noted that the notion underlying this condition was "insufficiency, which alone justified the limit on an early feast to avoid later famine." *Id*. "[T]he settling parties must present not only their agreement, but evidence on which the district court may ascertain the limit and the insufficiency of the fund[.]" *Id*. at 849 (citing *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 306 (6th Cir. 1984)). Here, there is no fund yet; there is no money available from Defendants. As detailed in the Declaration of Colin Loveness, the Defendants' liabilities to the Class should the Class prevail at trial far exceed the City of Benton Harbor's ability to pay. The City of Benton Harbor has little revenue and little prospect of generating revenue sufficient to pay a significant judgment. Here, there is only the opportunity to pursue monetary relief from the insurance company in the declaratory judgment action. Therefore, it makes sense to bind all Benton Harbor residents (with the exception of the Individual *Mitchell* Plaintiffs) into a class for the purposes of pursuing that declaratory judgment action, since if only some got that opportunity, there would be no opportunity for others to pursue such money.

6. Moreover, should Plaintiffs succeed in obtaining the full value of the judgment for $25 million, this amount is sufficient to include the policy limits of the City Insurance for the time period in Question. *See* Loveness Decl. ¶ 7 and Attachment B thereto (insurance policies). *Fed. Ins. Co. v. Caldera Med., Inc.,* No. 2:15-cv-00393, 2017 WL 11037391, at *4 (C.D. Cal. Jan. 31, 2017) (finding that it is "fairly straightforward" to determine that liability exceeds the fund where the fund is composed of insurance policies that have aggregated limits that fall short of "potential liability").

7. As to the second condition, the entirety of any recovered amount will be distributed to qualifying Benton Harbor residents. *Ortiz*, 527 U.S. at 839 (certification requires that "the whole of the inadequate fund . . . be devoted to the overwhelming claims"). Should monies become available, Plaintiffs will submit a distribution plan to the Court for approval.

8. As to the third condition, the settlement treats all members equitably because it permits the Class as a unit to pursue the money necessary to satisfy the consent judgment. The distribution of any eventual recovery will be the subject of a future submission to the Court that will require separate Court approval and an amended class structure.

9. To assess the fairness, reasonableness, and adequacy of the settlement under Rule 23(e)(2), the Court considers whether:

    a. the class representatives and class counsel have adequately represented the class;

    b. the proposal was negotiated at arms' length;

    c. the relief provided for the class is adequate; and

    d. the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

10. Factors (a) and (b) relate to procedural fairness, while (c) and (d) relate to substantive fairness. 4 Newberg and Rubenstein on Class Actions § 13:13 (6th ed. 2023).[3]

---

[3] The Sixth Circuit also provides the *International Union* factors to guide this inquiry: the risk of fraud or collusion; the complexity, expense and likely duration of the litigation; the amount of discovery engaged in by the parties; the likelihood of success on the merits; the opinions of class counsel and class representatives; the reaction of absent class members; and the public interest. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *In re Flint Water Cases,* No. 5:16-cv-10444-JEL-EAS, 2023 WL 7724502, at *9 (E.D. Mich. Nov. 15, 2023). The Court addresses these factors below.

11. For the Court to find that it is likely that the Agreement is procedurally fair, the Court must consider whether the Class Representatives and Class Counsel have adequately represented the Class and whether the proposal was negotiated at arm's length. Fed. R. Civ. P. 23(e). The Court finds that it is likely to find that the settlement is procedural fair.

    a. It was negotiated at arms' length and there is no evidence of fraud or collusion. Rule 23(e)(2)(B). A neutral mediator Lee Silver supervised the negotiations that led to the formation of this proposal, including two in-person mediations sessions, at one of which the insurers were present. Such extensive and informed arms'-length settlement negotiations support the finding that this settlement is the product of an arms'-length negotiation that is free of collusion. *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007).

    b. Moreover, the Court finds that Class Counsel and Named Plaintiffs have adequately represented the Class. Rule 23(e)(2)(A). The Class Representatives participated in the litigation by reviewing the complaint, discovery responses, and settlement documents; communicating with their Counsel; gathering documents and producing their private medical and school records; and each sitting for a day-long deposition. *Raymo v. FCA US LLC*, No. 2:17-CV-12168, 2025 WL 521834, at *7 (E.D. Mich. Feb. 18, 2025) ("Courts find that facts such as these show that class representatives and class counsel adequately represented the class for Rule 23(e)(2) purposes."). Class Counsel has extensive experience litigating, trying, and settling class actions, including environmental catastrophes. Class Counsel has vigorously litigated the Action and had sufficient information at their disposal before entering into settlement negotiations. The Court finds the fifth *International Shoe* factor likely to be satisfied, because Class Counsel strongly

supports this settlement. Declaration of Mark P. Chalos in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ¶ 32.[4]

        c.     As to the third *International Shoe* factor, the Court finds it satisfied. There has been a complete discovery process, with the parties exchanging multiple rounds of discovery requests, producing thousands of documents, and taking numerous depositions of both parties and third parties. This weighs in favor of approval. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 631.

12.     The Court finds that is likely to find that the settlement is substantively fair. To evaluate the proposed settlement's substantive fairness, the Court must consider the adequacy of the relief provided to the Class, including: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment; and any agreement required to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2)(C).[5]

        a.     As far as the costs, risks, and delay of trial and appeal, this litigation is certainly "complex and risky," featuring "unsettled area[s] of law" and "novel questions," all of which favors a finding of substantive adequacy. *In re Sonic Corp. Customer Data Sec. Breach Litig.*, Case No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019); *see also Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 631 (indicating the relevance of the "complexity, expense and likely duration of the litigation" for evaluating a

---

[4] The sixth factor, the reaction of Class Members, will be assessed following notice.
[5] The Rule 23(e)(2)(C) "sub-factors overlap with the *International Union* factors requiring that the Court evaluate the 'complexity, expense, and likely duration of the litigation' and the 'likelihood of success on the merits.'" *In re Flint Water Cases*, 571 F. Supp. 3d at 781. Accordingly, Plaintiffs analyze these two factors together.

settlement, the second International Union factor). Not only that, but a trial here would be lengthy and require "complex scientific proof," which further supports settlement. *Olden v. Gardner*, 249 F. App'x 210, 217 (6th Cir. 2008).

b. In addition, the settlement avoids a situation where Defendants are unable to satisfy individual judgments or a class judgment. Plaintiffs rightly consider the financial condition of defendants when evaluating whether to settle and how much to settle for; otherwise, they risk a "Pyrrhic victory" where the defendant cannot satisfy a judgment. *See Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 632. Here, Class Counsel and their economics expert considered after reasonable investigation that Defendants would be unable to pay a judgment (in lump or over time), so an assignment of Defendants' right to pursue insurance monies provides the only means for Class members to recover any money.

c. Because this settlement involves injunctive relief and an assignment only, at this stage the Court need not consider the distribution of proceeds or a proposed award of attorneys' fees. As the settlement indicates, should Plaintiffs and Individual *Mitchell* Plaintiffs prevail in the pending declaratory judgment action against Defendants' insurers and succeed in getting money for the Class, Class Counsel and Counsel for Individual *Mitchell* Plaintiffs will jointly submit a distribution plan to the Court, as well as a plan for appointing next friends for all Class Members who are minors at the time of the settlement pursuant to Michigan Rule 2.420, a motion for attorneys' fees and costs, and an amended class structure that will require approval. The Parties have also indicated that there is no separate agreement. Accordingly, these factors favor approval.

13. Finally, the Court must consider whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here again, because this settlement

does not involve the distribution of any monies in Phase One, this factor weights in favor of the settlement, as no Class Members are treated any differently. The injunctive relief is class-wide, and the assignment is for the entire benefit of the Class. The equity or inequity of any future monetary relief will be evaluated if and when such relief becomes available through the distribution plan to be filed with the Court in Phase Two. Additionally, as outlined in the declaration of proposed Principal Guardian ad Litem Michele P. Fuller filed in support of Plaintiffs' motion for preliminary approval, this settlement is to the benefit of all Class Members because each stands to gain more from the opportunity to pursue insurance money than from litigating individually against Defendants who are unable to satisfy a judgment. Accordingly, any individual differences among Class Members does not alter the analysis that it is better to take the opportunity to pursue insurance money than to continue litigating against an empty pocket.

14. The Court has already considered several of the *International Union* factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties); (5) the opinions of class counsel and class representatives; and (6) the reaction of absent class members:  The following factors remain: "(4) the likelihood of success on the merits; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 631.

    a. To consider "the likelihood of success on the merits," the Court must—without deciding the merits of the case—weigh Plaintiffs' likelihood of prevailing at trial against the relief offered in the settlement. *Id*. The closest analogue to class relief to this case is the class settlement for $8 million in *In re Flint Water Cases*, No. 5:16-cv-10444-JEL-EAS, 2023 WL 7724502, at *11 (E.D. Mich. Nov. 15, 2023). As there, litigation of these issues will involve complex legal issues turning on fine-tuned expert proof that will require substantial time and

money. Here again, should the Class prevail at trial, it will ultimately be a Pyrrhic victory against Defendants with no ability to pay the judgment. Accordingly, by settling now for a consent judgment and the opportunity to pursue up to $25 million from the insurers, rather that pursuing a potentially uncollectable judgment, is in the best interests of the Class.

      b.     Finally, the Court must consider the public interest, which supports the settlement of class action lawsuits, in part to conserve judicial resources. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). Here, too, there is a public interest in not bankrupting the City of Benton Harbor, which would negatively impact all Benton Harbor residents. Accordingly, the provisions of Rule 23 and the *International Union* factors weigh in favor of the settlement as likely to be approved as fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

    15.    When requesting class certification for purposes of settlement, parties must "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). The Court finds the Proposed Notice Plan involving direct mailing to all addresses in Benton Harbor, supplemented by a paid media campaign, to be reasonably calculated to reach absent class members and therefore adequate.

    16.    As to the interests of minors and legally incapacitated and incompetent individuals, should any money eventually be recovered on behalf of the Class and Individual *Mitchell* Plaintiffs, the Parties will propose a plan for ensuring all minors have proper next friends. Further, the Court will evaluate any proposed distribution plan of funds, including the registration and review of claims, to ensure that the distribution plan is fair. Mich. Ct. R. 2.420.

17. Having read and considered the Motion for Preliminary Approval of Class settlement, as well as the papers submitted to the Court in support of the Motion, and for the reasons set forth above, the Court orders:

    a.    The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class;

    b.    The settlement is preliminarily approved under Federal Rule of Civil Procedure 23 as within the range of possible final approval;

    c.    Wilson M. Dunlavey, Mark P. Chalos, and Annika K. Martin of Lieff Cabraser Heimann & Bernstein, LLP, also with Carl Edwards and Alice Jennings of Edwards & Jennings, P.C., and Stuart Talley of Kershaw Talley & Barlow P.C. are appointed as Class Counsel under Federal Rule of Civil Procedure 23(g) to represent the Settlement Class;

    d.    The Settlement Class is conditionally certified under Federal Rule of Civil Procedure 23(a), (b)(1)(B), and (e) for purposes of pursuing the declaratory action only. If/when any money is awarded, Plaintiffs will come back to the Court to amend class certification as appropriate for the claims process / distribution phase;

    e.    Daretha Braziel, individually and as next friend for minor D.R.; Ro'Nesha Braziel; Deanna Braziel; Keesha Jones, individually and as next friend for minors K.B., D.J., T.C., T.M.C; Kendasha Bates; Stacey Branscumb; and Emma Kinnard are appointed Class Representatives; and

    f.    The Proposed Notice Plan is approved as adequate and reasonable, and the Court appoints Epiq as notice provider and directs it to effectuate notice as described in the Proposed Notice Plan.

      g.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Final Approval Hearing may, from time to time and without further notice to the Class Members, be continued by order of the Court.

The Court orders the following schedule:

| | |
|---|---|
| Notice to be completed | **March 23, 2026** |
| Last day for Plaintiffs to file Motion for Final Approval of Settlement | **April 22, 2026** |
| Last day to file Objections | **May 6, 2026** |
| Last day to file replies in support of Final Approval | **June 1, 2026** |
| Final Approval Hearing | **May 21, 2026 at 11:00 AM<br>128 Federal Building<br>315 W. Allegan St.<br>Lansing, MI 48933** |

IT IS SO ORDERED.

Dated: January 22, 2026        /s/ Hala Y. Jarbou
                                      HALA Y. JARBOU
                                      CHIEF UNITED STATES DISTRICT JUDGE