UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BENTON HARBOR, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00960-HYJ-PJG <br><br> Hon. Hala Y. Jarbou <br> Hon. Philip J. Green |
| A.M., a minor, by and through Iesha Mitchell, Guardian and Next Friend, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> The City of Benton Harbor, *et al*. <br><br> Defendants. | Case No. 1:22-cv-0475 <br><br> Hon. Hala Y. Jarbou <br> Hon. Philip J. Green |

**MITCHELL PLAINTIFFS' MOTION FOR APPROVAL OF THE PLAINTIFFS' SETTLEMENT WITH THE CITY OF BENTON HARBOR**

For the reasons stated in the attached memorandum, Plaintiffs represented by Levy Konigsberg, LLP ("Mitchell Plaintiffs") move this Court for an Order finding that the proposed Settlement Agreement entered between the parties serves the best interests of the Mitchell Plaintiffs, who are either Minors and/ or Legally Incapacitated Individuals.

Dated: February 2, 2026

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Kiersten Holms
Corey M. Stern
Melanie Daly
Kiersten E. Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
(212) 605-6290 (facsimile)
cstern@levylaw.com
mdaly@levylaw.com
kholms@levylaw.com

***Attorneys for Mitchell Plaintiffs***

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DARETHA BRAZIEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BENTON HARBOR, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-00960-HYJ-PJG <br><br> Hon. Hala Y. Jarbou <br> Hon. Philip J. Green |
| A.M., a minor, by and through Iesha Mitchell, Guardian and Next Friend, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> The City of Benton Harbor, *et al*. <br><br> Defendants. | Case No. 1:22-cv-0475 <br><br> Hon. Hala Y. Jarbou <br> Hon. Philip J. Green |

**MEMORADUM IN SUPPORT OF MITCHELL PLAINTIFFS' MOTION FOR APPROVAL OF THE PLAINTIFFS' SETTLEMENT WITH THE CITY OF BENTON HARBOR**

This case arises from the poisoning of the residents of Benton Harbor, an underprivileged, majority-Black community in Western Michigan. For more than three years, the City of Benton Harbor ("City") and its officials[1] knew about toxic

---

[1] The City, along with Mayor Marcus Muhammad ("Muhammad"), former City Manager Darwin Watson ("Watson"), and former Drinking Water Superintendent Michael O'Malley ("O'Malley") are collectively referred to herein as "City Defendants" or "Defendants."

1

levels of lead in the municipal water supply, yet failed to disclose the truth to residents, falsely assuring them it was safe to drink, which it was not.

Mitchell Plaintiffs[2] are children who were exposed to lead and other contaminants from the City of Benton Harbor's municipal water supply. Mitchell Plaintiffs, together with the Class Plaintiffs[3], reached an agreement with City Defendants regarding their involvement in the Benton Harbor Water Crisis (the "Settlement Agreement" or "Settlement"). Because this settlement involves plaintiffs who are minors and/or LIIs,[4] the parties seek an independent determination that the Settlement is in the best interest of said plaintiffs. To that end, Mitchell Plaintiffs bring this motion seeking approval of the proposed Settlement Agreement, which consists of (a) a consent judgment for $25 million dollars against the City and the assignment to Mitchell and Class Plaintiffs of the right to collect that judgment from the City's insurer, and (b) prospective injunctive relief for Mitchell and Class

---

[2] "Mitchell Plaintiffs" refers to the minors represented by Levy Konigsberg, LLP, including those plaintiffs in *A.M. et al., v. City of Benton Harbor, et al.*, No. 1:22-cv-00475 (HYJ-PJG), pending in the U.S. District Court for the Western District of Michigan (the "*Mitchell* Action"). The individual Mitchell Plaintiffs are identified on the docket, *Mitchell et al v. Benton Harbor, City of et al.*, No. 1:22-cv-00475-HYJ-PJG (W.D. Mich.), ECF No. 154, which was filed under seal to protect the minor plaintiffs' privacy.

[3] "Class Plaintiffs" refers to the plaintiffs in *Braziel et al., v. City of Benton Harbor, et al.*, No. 1:21-cv-00960 (HYJ-PJG) (the "*Braziel* Action"), pending in the U.S. District Court for the Western District of Michigan.

[4] "LII" refers to legally incompetent or incapacitated individual as described in Mich. Comp. Laws § 700.1105(a).

Plaintiffs, including increased lead testing and enhanced services for children in Benton Harbor.[5]

At this time, Mitchell Plaintiffs only seeking approval of the Settlement Agreement to the extent that it permits Plaintiffs to pursue insurance monies from the City's insurer. Should any of the $25 million consent judgment amount be recovered from the City's insurer, it will be distributed to Plaintiffs pursuant to a distribution plan that would be submitted for Court approval at the appropriate time, along with any additional procedural motions that might be required.

The Settlement Agreement serves the best interests of the Mitchell Plaintiffs. Accordingly, Mitchell Plaintiffs respectfully request that the Court enter an order approving the Settlement.

## **LEGAL STANDARD**

Generally, a settlement between a plaintiff and a defendant does not require court approval. However, where a settlement includes minors and/ or LIIs, it is appropriate for the Court to make an "independent determination that the settlement [is] in [their] best interest." *Green v. Nevers*, 111 F.3d 1295, 1131 (6th Cir. 1997);

---

[5] The Settlement Agreement, entitled "Covenant Not to Execute, and Assignment of Rights and Claims Agreement," is filed on the docket as Exhibit A to Declaration of Mark P. Chalos in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. 1:21-cv-00960-HYJ-PJG, ECF No. 321-1, at PageID.9331–9381 ("Agrmt."). Unless otherwise specified, capitalized terms herein refer to and have the same meaning as in the Settlement Agreement.

*see also* Michigan Court Rule 2.420(B).[6] This means that the Court reviews the procedures related to minors and LIIs to determine whether they are fair and in their best interest. *In re Flint Water Cases*, 499 F. Supp. 3d 399, 410 (E.D. Mich. 2021). Additionally, "when a court is called on to approve a settlement involving a minor, it must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Green*, 111 F.3d at 1302 (cleaned up).

## BACKGROUND

**A. Background.**

 **1. Procedural History.**

On May 27, 2022, Mitchell Plaintiffs, individual minors exposed to contaminated water in Benton Harbor, filed claims against the City Defendants; two private engineering firms, F&V Operations and Resource Management, Inc. ("F&V") and Elhorn Engineering Company ("Elhorn"); and State officials from the Michigan Department of Environment, Great Lakes, and Energy ("EGLE") for their

---

[6] Michigan Court Rule 2.420(B) similarly provides that "the judge shall pass on the fairness" settlement agreements involving minors and LIIs. It additionally sets forth some specific requirements, including an opportunity for the Court to observe the nature of the injury by having the minor appear in Court. *Id.* Here, the "Federal rules govern any approval of [the] settlement, not the Michigan Rules of Court." *J.N. v. Allen*, No. 15-10406, 2016 U.S. Dist. LEXIS 138210, at *1 (E.D. Mich. Oct. 5, 2016) (citation omitted); *see also Kiel v. Barton*, No. 09-cv-15053, 2011 U.S. Dist. LEXIS 170311, at *1–2 (E.D. Mich. Jan. 31, 2011).

role in the Benton Harbor Water Crisis. *Mitchell et al. v. City of Benton Harbor et al.*, Case No. 1:22-cv-00475, ECF No. 1. Specifically, Mitchell Plaintiffs brought due process claims for violations of their right to bodily integrity and to be free from stage created danger, as well as state law negligence claims against Elhorn and F&V.

Each Defendant independently moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Mitchell Plaintiffs failed to state a claim. The individual City and State Defendants also moved to dismiss on grounds of qualified immunity. The United States District Court for the Western District of Michigan dismissed the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. City of Benton Harbor*, No. 1:22-cv-475 (HJB), 2023 U.S. Dist. LEXIS 173416 (W.D. Mich. Sept. 28, 2023). Mitchell Plaintiffs appealed the District Court's decision as to the City Defendants and Defendant Elhorn, and a two-judge circuit court majority panel overturned the District Court's dismissal of Plaintiffs' bodily integrity claims. *Mitchell v. City of Benton Harbor,* 137 F.4th 420 (6th Cir. 2025). The Court revived Mitchell Plaintiffs' claims against the City of Benton Harbor, Mayor Marcus Muhammad, City Manager Darwin Watson, and Drinking Water Superintendent Michael O'Malley. The Sixth Circuit held that Plaintiffs' allegations sufficed to advance the claims against the City Defendants beyond the motion to dismiss stage:

> Drawing all reasonable inferences in favor of the Plaintiffs, the City officials misled the public about the nature of the lead-water crisis from

5

> the moment the lead-level exceedance was discovered. Watson characterized the crisis as localized to individual homes, even though they knew the problem was systemic from the outset. And then City officials downplayed the scale of the emergency and advised people to drink the tap water replete with lead. Rather than working earnestly to resolve the problem, the City officials skirted recommended guidelines and sought to minimize lead-water testing. And when they began to implement a solution to the problem, the City officials provided the public with a recklessly rosy picture of the progress made, leading the public to think the problem was being resolved when, in fact, the water was still too dangerous to drink.

*Id.* at 438.

City Defendants filed a motion seeking *en banc* reconsideration of the Sixth Circuit's decision, which was denied on August 12, 2025. Thereafter, on December 9, 2025, the Sixth Circuit issued a mandate remanding the case to the District Court.

Additionally, on June 10, 2025, the City of Benton Harbor filed a complaint for declaratory judgment seeking a declaration that its insurance carrier, Travelers Indemnity Company ("Travelers"), owes duties to defend and indemnify the actions pending against the City. *The City of Benton Harbor v. The Travers Indemnity Company of Connecticut, et al.*, Case No. 25-0163-CZ (State of Michigan, Berrien County Circuit Ct.). Plaintiffs filed an Answer, and on July 30, 2025, Travelers removed the action to federal court. *City of Benton Harbor v. The Travelers Indemnity Company of Connecticut*, No. 1:25-cv-00861-HYJ-PJG (W.D. Mich.). Mitchell Plaintiffs are parties to that case and litigation is on-going. This is the action

Mitchell and Class Plaintiffs will step into the City's shoes to prosecute this settlement if the Agreement is approved and Consent Judgment entered.

### 2. Settlement Negotiations.

The proposed Settlement Agreement is the product of arm's length negotiations. The parties and their counsel participated in two formal, full-day mediations over the course of nine months with experienced mediator Lee T. Silver of Butzel Long, in addition to informal follow-up negotiations during this same time. The first session was held on December 11, 2024. The second session, which included counsel for the City's insurer, was held on August 13, 2025. The parties reached an agreement in principle, which was formally adopted on September 15, 2025, by the Benton Harbor City Commission. The formal Covenant Not to Execute, and Assignment of Rights and Claims Agreement ("Settlement Agreement") was signed and executed by the parties on December 18, 2025.

## B. Summary of Settlement Terms.

The Settlement Agreement resolves two separate but related actions—the *Mitchell* Action and the *Braziel* Action, both of which are before this Court. Agrmt. at ¶¶ 2–4.

### 1. Assignment of Rights.

The City of Benton Harbor is not financially capable of satisfying a judgment for the damages alleged by the Class and Mitchell Plaintiffs, either through a lump

sum payment or over time. Upon information and belief, the only way the City could raise money to pay such a judgment would be to impose additional taxes on its residents, which would adversely impact Mitchell Plaintiffs. For this reason, City Defendants agreed to a $25 million Consent Judgment, which would be recoverable only against the City's insurer. Agrmt. ¶ 85. While this amount does not satisfy all of Mitchell Plaintiffs' damages, it represents an amount sufficient to include the policy limits of the City's insurance under the policies covering the period of the Benton Harbor Water Crisis. It also represents the only possible path to monetary recover for the Mitchell Plaintiffs' claims against the City Defendants.[7]

City Defendants also agreed to assign to the Class and Mitchell Plaintiffs all rights to their claims under the City's insurance policies that involve the facts alleged in this case, including failure to provide insurance coverage, indemnification or defense, breach of contract, and bad faith. *Id*. ¶ 45. Accordingly, the Class and Mitchell Plaintiffs will step into the City's shoes to jointly prosecute the declaratory action to attempt to collect the insurance proceeds. The assignment of the City's Insurance, and the Class and Mitchell Plaintiffs' prosecution of the declaratory judgment action, is the only portion of the Settlement Agreement presently before the Court for approval.

---

[7] Given that the insurers are disputing coverage, it is not guaranteed that recovery will be possible.

**2. Settlement Allocation, Expenses, and Attorney Fees.**

The entire amount of any money recovered from the City's insurance will become the settlement fund from which Class and Mitchell Plaintiffs' claims, administrative costs, and counsel's fees and costs will be paid. Class Plaintiffs and the Mitchell Plaintiffs agree that the entire amount recovered from the City's insurance will be allocated 85% to plaintiffs who were minors on or before November 30, 2021, and 15% to plaintiffs who were adults after November 30, 2021.

If monies from the City's Insurance are made collectable, the Class and Mitchell Plaintiffs will jointly present the Court with a proposed claims valuation and administrative process (including a process for ensuring all minors and legally incapacitated individuals have an appropriate Next Friend), a proposed allocation and distribution plan, and motions for attorneys' fees and costs.

**3. Injunctive Relief.**

The Settlement Agreement also requires the City to take measures designed to both protect the residents of Benton Harbor from experiencing another lead crisis and alleviate some of the harms that the lead crisis caused. Agrmt. ¶ 53. For five years, the City will test for lead, E. coli, and other toxins in its municipal water. These tests will be overseen by an Independent Monitor. *Id.* The Independent Monitor will publish a water test report every six months. *Id.* Additionally, the City

will abide by current EPA regulatory requirements that 10 parts per billion of lead at 90th percentile triggers enforcement under the SDWA, even if federal regulations change to become less strict. *Id.* During this time, the City will also take steps to prevent and mitigate lead-poisoning by facilitating and cooperating with agreed-upon entities who may provide lead tests to residents and enhanced community services for children impacted by lead exposure. *Id.* If a resident's blood lead levels test positive, the City will sample the tap water in their home. *Id.* Furthermore, for the next five years, the City will endeavor to reduce residents' water rates. *Id.* Finally, the City has committed to fully cooperate with Plaintiffs in pursuit of the Assigned Claims against its insurers. *Id.*

## C. Court Approval & Schedule.

The Settlement Agreement sets forth a two-step procedure for Court approval. First, the Class and Mitchell Plaintiffs file motions for approval ("Approval Motions").[8] Mitchell Plaintiffs' motion requests an order finding that the proposed Agreement is in the best interest of the minor and LII claimants. After the Court rules on these motions, Class Plaintiffs will file a Final Approval motion following

---

[8] Class Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement on December 18, 2025. 1:21-cv-00960-HYJ-PJG, ECF Nos. 320–324. The Class Plaintiffs' motion requested a preliminary approval, notice, hearing, and final approval procedure outlined by Federal Rule of Civil Procedure 23(e). The Court entered an order granting preliminary approval and outlining a schedule for the Rule 23(e) procedures on January 22, 2026. Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 at PageID.2618.

the Class Plaintiffs' approval procedure outlined by Federal Rule of Civil Procedure 23(e). The Court's entry of a final order approving the Settlement Agreement, which will include an order entering the Consent Judgment, will effectuate the assignment of insurance rights to the Class and Mitchell Plaintiffs.

As to timing, the Settlement Agreement provides the following schedule:

| Section | Event Description | Date |
|---|---|---|
|  | Parties Sign Agreement (Execution Date) | December 18, 2025 (Thursday) |
| ¶ 60 | Mitchell Plaintiffs send out Settlement Notice (giving clients 30 days to send a Rejection Notice) **by** | December 25, 2025 (Thursday)<br><br>***Sent December 22, 2025*** |
| ¶ 60 | Mitchell Plaintiffs' Participation Deadline | January 24, 2026 (Saturday) |
| ¶ 61 | Mitchell Plaintiffs provide City with list of those who reject **by**[9] | January 26, 2026 (Monday)<br><br>***Sent January 26, 2026*** |
| ¶ 62 | Mitchell Plaintiffs file Approval Motion **by** | February 2, 2026 (Monday) |
| ¶ 64 | City Recession Deadline | February 9, 2026 (Monday) |
| Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 at PageID.2618 | Class Plaintiffs file a motion for Final Approval of the Settlement **by** | April 22, 2026 |

---

[9] Notably, none of the Mitchell Plaintiffs objected to the proposed Settlement Agreement.

11

| Section | Event Description | Date |
|---|---|---|
| Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 at PageID.2618 | Class Plaintiffs' Objection Deadline | May 6, 2026 |
| Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 at PageID.2618 | Deadline for Replies in Support of Final Settlement Approval | June 1, 2026 |
| Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 at PageID.2618 | Final Approval Hearing | June 17, 2026 |
| ¶ 80 | Court Enters Final Approval Order – upon entry of this order, including the Consent Judgment, Assignment is effective | TBD |

## ANALYSIS

### I. THE SETTLEMENT AGREEMENT IS IN THE BEST INTEREST OF MITCHELL PLAINTIFFS.

The Court should approve the proposed Settlement as in the best interests of Mitchell Plaintiffs, who are either minors and/ or LIIs. *See generally* Mich. Ct. R. 2.420 (requiring court approval for settlements involving minors or LIIs).

The parties litigated the claims at issue in this case for approximately four years before reaching a settlement, and this settlement was reached only after extensive and contentious negotiations overseen by experienced mediator Lee Silver over many months. Because the City is not in a financial position to pay a judgment without levying additional taxes, the Settlement represents the only possible path to monetary recover for the Mitchell Plaintiffs' claims against the City Defendants.

Further, the individual Mitchell Plaintiffs were notified of the proposed Settlement Agreement on December 22, 2025, and none objected.

The portions of the Settlement Agreement which are at issue in this motion—*i.e.*, the City Defendants agreement to a $25 million Consent Judgment which would be recoverable only against the City's insurer—were also already found to be fair by this Court:

> [T]he settlement avoids a situation where Defendants are unable to satisfy individual judgments or a class judgment. Plaintiffs rightly consider the financial condition of defendants when evaluating whether to settle and how much to settle for; otherwise, they risk a "Pyrrhic victory" where the defendant cannot satisfy a judgment. *See Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 497 F.3d at 632. Here, Class Counsel and their economics expert considered after reasonable investigation that Defendants would be unable to pay a judgment (in lump or over time), so an assignment of Defendants' right to pursue insurance monies provides the only means for Class members to recover any money.

Case 1:22-cv-00475-HYJ-PJG, ECF No. 163 (Order Granting Preliminary Approval) at PageID.2614. The same logic applies with equal force to the Mitchell Plaintiffs.

As the Settlement Agreement outlines, should Class and Mitchell Plaintiffs prevail in the pending declaratory judgment action against the City's insurer and succeed in recovering monies, Class Counsel and Counsel for Mitchell Plaintiffs will jointly submit a distribution plan to the Court, as well as a plan for appointing next

13

friends for all Class Members who are minors at the time of the settlement pursuant to Michigan Rule 2.420. Accordingly, Mitchell Plaintiffs respectfully request that the Court approve the Settlement Agreement as fair and in the best interests of minors and LIIs.

## CONCLUSION

For the foregoing reasons, Mitchell Plaintiffs respectfully request that the Court approve the Settlement Agreement as fair and in the best interest of minor Claimants and LIIs.

Dated:       February 2, 2026                Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Kiersten Holms
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
(212) 605-6290 (facsimile)
cstern@levylaw.com
mdaly@levylaw.com
kholms@levylaw.com

*Attorneys for Mitchell Plaintiffs*

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                                              **LEVY KONIGSBERG, LLP**

                                                              /s/ Kiersten Holms
                                                              KIERSTEN HOLMS